UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4 P 2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SHAW'S SUPERMARKETS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALAN ROSS, RICHARD MARTINEAU, | ) |
| RICHARD BASILIERE, GENE PAUL | ) |
| KENDALL, and JEFFREY BUDEK, | ) |
| | ) |
| Defendants. | ) |

C.A. No.

05CV 10231 RGS

RBC

RECEIPT # 61845
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 2/4/15

## COMPLAINT

Plaintiff Shaw's Supermarkets, Inc., for its complaint against defendants Alan Ross,

Richard Martineau, Richard Basiliere, Gene Paul Kendall, and Jeffrey Budek, alleges:

1.     Plaintiff Shaw's Supermarkets, Inc. ("Shaw's") is a Massachusetts corporation

with a principal place of business at 750 West Center Street, West Bridgewater, Massachusetts,

and operates a chain of supermarkets throughout New England and distribution centers in

Methuen, Massachusetts and Wells, Maine.

2.     Defendant Alan Ross ("Ross") is an individual with a residential address of 30

Jewett Street, Georgetown, Massachusetts and is a former employee of Shaw's at its Methuen

Distribution Center.

3.     Defendant Richard Martineau ("Martineau") is an individual with a residential

address of 37 Haverhill Street, Methuen, Massachusetts and is a current employee of Shaw's at

its Methuen Distribution Center.

4.     Defendant Richard Basiliere ("Basiliere") is an individual with a residential address of 365 Island Pond Road, Derry, New Hampshire and is a current employee of Shaw's at its Methuen Distribution Center.

5.     Defendant Gene Paul Kendall ("Kendall") is an individual with a residential address of 3 Gloria Road, Salem, New Hampshire and is a current employee of Shaw's at its Methuen Distribution Center.

6.     Defendant Jeffrey Budek ("Budek") is an individual with a residential address of 50A Kingston Road, Plaistow, New Hampshire and is a current employee of Shaw's at its Methuen Distribution Center.

7.     United Food and Commercial Workers Union, Local 791, AFL-CIO ("Local 791") is a labor union with offices at 9 North Main Street, West Bridgewater, Massachusetts. Local 791 is the collective bargaining representative of a number of Shaw's employees in Massachusetts, including employees at Shaw's Methuen Distribution Center.

8.     Shaw's and Local 791 are parties to a collective bargaining agreement governing the operation of the Methuen Distribution Center.

9.     This is an action to enforce a subpoena pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.

10.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 185.

11.     This action arises from defendants' failure to appear and testify at an arbitration hearing between Shaw's and Local 791 pursuant to subpoenas served upon them.

12.     The underlying arbitration arises from a grievance filed by Local 791 on or about April 16, 2003, alleging that Shaw's violated a collective bargaining agreement between Local

791 and Shaw's by terminating the employment of three Shaw's employees:  Stanley Saade, Radames Wilkins, and Cesar Reynoso (the "Grievants").

13.    Shaw's terminated the Grievants' employment after it received information that they had sexually harassed defendant Ross.

14.    After Shaw's and Local 791 were unable to resolve the matter in their grievance procedure, it was referred to arbitration through the American Arbitration Association, and Arnold Zack was appointed arbitrator.

15.    After the arbitration was scheduled, Shaw's identified defendants Ross, Martineau, Basiliere, Kendall, and Budek as the key witnesses in presenting its case because they had stated that they had personally witnessed the verbal and physical harassment by the Grievants, which resulted in the termination of the Grievants.

16.    On or about September 15, 2004, Attorney David Watson, counsel for Shaw's, requested that Arbitrator Zack issue subpoenas requiring Ross, Martineau, Basiliere, Kendall, and Budek to testify at the upcoming arbitration hearings.

17.    Shortly thereafter, Arbitrator Zack issued subpoenas requiring Ross, Martineau, Basiliere, Kendall, and Budek to appear at arbitration hearings on October 28, 2004, November 8, 2004, and "continuing thereafter" at 10:00 A.M. at the Sheraton Colonial Hotel in Wakefield, Massachusetts to testify and give evidence in the arbitration.  Copies of the subpoenas are attached as Exhibit A.

18.    On or about October 7, 2004, Martineau, Kendall, Budek and Basiliere were served with their subpoenas.

19.    On or about October 19, 2004, Ross was served with his subpoena.

3

20.     By letter dated October 29, 2004, Attorney Watson asked Ross to inform him if he did not plan on testifying at the November 8, 2004 hearing. Attorney Watson did not receive an answer from Ross in response to the letter.

21.     By letters dated October 29, 2004, Matthew Feiner, another counsel for Shaw's, reminded Martineau, Basiliere, Kendall, and Budek that they were required to appear at the November 8, 2004 hearing pursuant to their respective subpoenas.

22.     At the arbitration hearing on November 8, 2004, defendant Alan Ross refused to testify after being called to the witness stand.

23.     Ross claimed that he could not "say anything" because of a settlement agreement that he had signed after settling a lawsuit with Shaw's. Specifically, Ross stated:

> I can't say anything. I can't say nothing to you. I can't say nothing to these guys. I can't say nothing. I signed an agreement that states that I do not have to say anything, and I won't say anything.

Hearing Transcript, Exhibit B at 31.

24.     Ross had earlier filed a lawsuit against Shaw's and the grievants claiming, *inter alia*, sexual harassment. Ross and Shaw's had settled the lawsuit and signed a settlement agreement to that effect. The settlement agreement contained the following confidentiality provision:

> Unless required by law, Mr. Ross and Mrs. Ross agree that they will not publish, reveal, convey, comment upon, or otherwise disclose: (a) any of the allegations or claims made or threatened to be made by Mr. Ross against Releasees, (b) any of the potential claims made by Mrs. Ross against Releasees, or (c) the negotiations, terms, provisions, or existence of this Agreement, except to his or her attorney(s) and his or her accountant(s), and then, only on the condition that they be advised that they cannot further disclose any of the same to others.

4

25.     On or about April 15, 2004, Julie Brennan, counsel for Shaw's, advised Geoffrey DuBosque, the attorney who had represented Ross in the previous lawsuit against Shaw's, that Shaw's would not enforce the confidentiality provision of the settlement agreement to cover any testimony by Ross at the arbitration regarding the factual background of the claims he made against the Grievants.  Attorney Brennan then asked Attorney DuBosque to communicate that information to Ross.

26.     In about May 2004, Attorney Watson informed Ross' wife that Shaw's would not enforce the confidentiality provision of the settlement agreement to cover any testimony by Ross at the arbitration regarding the factual background of the claims he made against the Grievants.

27.     During the arbitration hearing, while Ross was on the witness stand, Attorney Watson again informed Ross that Shaw's was waiving the confidentiality provision of the settlement agreement to allow his testimony regarding the factual background of the claims he made against the Grievants.  *See* Hearing Transcript, Exhibit B at 33.

28.     Ross refused to provide any substantive testimony at the arbitration.

29.     Also on November 8, 2004, defendants Martineau, Basiliere, Kendall, and Budek failed to comply with their respective subpoenas by failing to appear at the arbitration hearing.

30.     The American Arbitration Association has scheduled the next two days of hearing in the Arbitration as March 28, 2005 and March 31, 2005.

## Count I
### Violation of the Federal Arbitration Act, 9 U.S.C. § 7

31.     Shaw's repeats the allegations above as if fully set forth herein.

32.     The subpoena served on defendants each complied with all of the requirements of the Federal Arbitration Act, 9 U.S.C. § 7.

33.    Defendants' failure to appear and testify in response to the subpoenas constitute violations of the Federal Arbitration Act, 9 U.S.C. § 7.

34.    Defendants' actions have caused, and will continue to cause, substantial actual and threatened loss to Shaw's that justifies the relief sought herein.

WHEREFORE, Shaw's requests that:

a)    Ross, Martineau, Basiliere, Kendall, and Budek be ordered to testify at the next scheduled day of arbitration before Arbitrator Zack on March 28, 2005, and, if necessary, on March 31, 2005, or on one or more subsequent dates in the event the arbitration is continued.

b)    Should any defendant fail to comply with such order as this Court issues as a result of this motion, he thereafter be held in contempt of this Court and be required to pay sanctions in the amount of five hundred dollars ($500.00) per day for each day that he refuses to testify where required by a valid AAA subpoena; and

c)    Shaw's recover such other relief as the Court may deem appropriate.

SHAW'S SUPERMARKETS, INC.,

By its attorneys,

*Christa vd Luft*

David E. Watson (BBO# 517620)
Christa von der Luft (BBO# 600362)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2604
(617) 439-2000

Dated:  February 4, 2005

1374689.3

# The Arbitration Tribunals of the
# American Arbitration Association

In the Matter of the Arbitration between

Shaw's Supermarkets, Inc.

    and

United Food and Commercial Workers,
Local 791

AAA Case No. 11 300 01546 03

)
)
)
)
)
)
)
)
)
)
)
)

**Subpoena**
**AAA Case No: 11 300 01546 03**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to    Alan E. Ross
       30 Jewett Street
       Georgetown, MA 01833

GREETING:

    WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

            Arnold M. Zack           arbitrator(s)

acting under the arbitration law of this state, at

 Sheraton Colonial Hotel,  One Audubon Road, Wakefield, MA 01880
                      (address)

on       Oct. 28, 2004, Nov. 8, 2004 and continuing thereafter,    at    10:00   o'clock to testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

Signed: _____

Signed: _____
                    Arbitrator(s)

Requested by: _Shaw's Supermarkets, Inc._____
David E. Watson, Esquire
Nutter, McClennen & Fish, LLP_____
          Name of Representative
World Trade Center West
155 Seaport Blvd., Boston, MA 02210-2604____
Address             Zip Code

 617-439-2000_____
         Telephone

Dated: _____

Form69-8/89

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| In The Matter of | ) |
| | ) |
| SHAW'S SUPERMARKETS, INC. | ) |
| | ) |
| and | )    Case No. 11 300 01546 03 |
| | ) |
| UNITED FOOD AND COMMERCIAL | ) |
| WORKERS LOCAL 791, AFL-CIO, CLC | ) |
| | ) |
| (Stanley Saade, Radamas Wilkins and | ) |
| Cesar Reynoso | ) |
| | ) |

### RETURN OF SERVICE

I hereby state that I personally served the originals of the attached subpoena, cover,

letter, check and travel directions on Alan E. Ross at his home at 30 Jewett Street,

Georgetown, Massachusetts 01833 at 9ọ7 ƒ.m. on October 19 , 2004.

Signed under the pains and penalties of perjury on this 2ọ day of October, 2004.

Greg Davis
Investigative Resources, Inc.
1821 Washington Street
Weymouth, MA 02189

1367550.1

# The Arbitration Tribunals of the
# American Arbitration Association

In the Matter of the Arbitration between )

Shaw's Supermarkets, Inc. )

   and )

United Food and Commercial Workers, )
Local 791 )

AAA Case No. 11 300 01546 03 )
  )
  )
  )

**Subpoena**
**AAA Case No: 11 300 01546 03**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to    Richard Martineau
       37 Haverhill Street
       Methuen, MA 01844

GREETING:

    WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

               Arnold M. Zack                   arbitrator(s)
acting under the arbitration law of this state, at

Sheraton Colonial Hotel, One Audubon Road, Wakefield, MA 01880
                        (address)

on        Oct. 28, 2004, Nov. 8, 2004 and continuing thereafter,    at    10:00    o'clock to
testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

              Signed:  _____ 9/22

              Signed:  _____
                          Arbitrator(s)

Requested by:  Shaw's Supermarkets, Inc.
David E. Watson, Esquire
Nutter, McClennen & Fish, LLP
       Name of Representative
World Trade Center West
155 Seaport Blvd., Boston, MA 02210-2604
Address             Zip Code

617-439-2000
         Telephone

Dated:  _____

FormG9-II/89

# AMERICAN ARBITRATION ASSOCIATION

In The Matter of                                )
                                                )
SHAW'S SUPERMARKETS, INC.                       )
                                                )
    and                     )        Case No. 11 300 01546 03
                                                )
UNITED FOOD AND COMMERCIAL                      )
WORKERS LOCAL 791, AFL-CIO, CLC                 )
                                                )
(Stanley Saade, Radamas Wilkins and             )
 Cesar Reynoso)                              )
                                                )

## RETURN OF SERVICE

I hereby state that I personally served the originals of the attached subpoena, cover, letter, check and travel directions on Richard Martineau by personally handing him the material on October __7__, 2004.

Signed under the pains and penalties of perjury on this __7__ day of October, 2004.

_____

1367365.1

# The Arbitration Tribunals of the
# American Arbitration Association

In the Matter of the Arbitration between )

Shaw's Supermarkets, Inc. )

    and )

United Food and Commercial Workers, )
Local 791 )

AAA Case No. 11 300 01546 03 )

                                 )
                                 )
                                 )

**Subpoena**
**AAA Case No: 11 300 01546 03**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to    Rich Basiliere
        365 Island Pond Road
        Derry, NH 03038

GREETING:

    WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

                        Arnold M. Zack                              arbitrator(s)
acting under the arbitration law of this state, at

Sheraton Colonial Hotel, One Audubon Road, Wakefield, MA 01880
                                      (address)

on        Oct. 28, 2004, Nov. 8, 2004 and continuing thereafter,    at      10:00    o'clock to
testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

                              Signed: _____

                              Signed: _____
                                           Arbitrator(s)

Requested by: Shaw's Supermarkets, Inc.
David E. Watson, Esquire
Nutter, McClennen & Fish, LLP
                Name of Representative
World Trade Center West
155 Seaport Blvd., Boston, MA 02210-2604
Address                            Zip Code

617-439-2000
                Telephone

Dated: _____

FormG9-11/89

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| In The Matter of <br><br> SHAW'S SUPERMARKETS, INC. <br><br>    and <br><br> UNITED FOOD AND COMMERCIAL <br> WORKERS LOCAL 791, AFL-CIO, CLC <br><br> (Stanley Saade, Radamas Wilkins and <br>  Cesar Reynoso) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 11 300 01546 03

### RETURN OF SERVICE

I hereby state that I served the originals of the attached subpoena, cover letter, check and travel directions on Rick Basiliere by having them sent by certified mail on October 7, 2004.

Signed under the pains and penalties of perjury on this 4th day of February, 2005.

1367363.1

# The Arbitration Tribunals of the
## American Arbitration Association

In the Matter of the Arbitration between )
)
Shaw's Supermarkets, Inc. )
)
and )
)
United Food and Commercial Workers, )          **Subpoena**
Local 791 )          **AAA Case No:  11 300 01546 03**
)
AAA Case No. 11 300 01546 03 )
)
)
)

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to      Gene Paul Kendall
        3 Gloria Road
        Salem, NH 03079

GREETING:

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

Arnold M. Zack                                                    arbitrator(s)
acting under the arbitration law of this state, at

Sheraton Colonial Hotel,  One Audubon Road, Wakefield, MA 01880
(address)

on          Oct. 28, 2004, Nov. 8, 2004 and continuing thereafter,      at      10:00      o'clock to
testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

Signed: _____

Signed: _____
                        Arbitrator(s)

Requested by:  Shaw's Supermarkets, Inc.
David E. Watson, Esquire
Nutter, McClennen & Fish, LLP
                Name of Representative
World Trade Center West
155 Seaport Blvd., Boston, MA 02210-2604
Address                              Zip Code

 617-439-2000
                Telephone

Dated: _____

FormG9-II/89

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| In The Matter of ) <br> ) <br> SHAW'S SUPERMARKETS, INC. ) <br> ) <br> and ) <br> ) <br> UNITED FOOD AND COMMERCIAL ) <br> WORKERS LOCAL 791, AFL-CIO, CLC ) <br> ) <br> (Stanley Saade, Radamas Wilkins and ) <br> Cesar Reynoso) ) <br> ) | Case No. 11 300 01546 03 |

### RETURN OF SERVICE

I hereby state that I personally served the originals of the attached subpoena, cover, letter, check and travel directions on Gene P. Kendall by personally handing him the material on October ___7___, 2004.

Signed under the pains and penalties of perjury on this ___7___ day of October, 2004.

_____

1367362.1

# The Arbitration Tribunals of the
# American Arbitration Association

In the Matter of the Arbitration between )

Shaw's Supermarkets, Inc. )

    and )

United Food and Commercial Workers, )
Local 791 )

AAA Case No. 11 300 01546 03 )

)
)
)
)

**Subpoena**
**AAA Case No: 11 300 01546 03**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to    Jeffrey Budek
      50A Kingston Road
      Plaistow, NH 03865

GREETING:

    WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

        Arnold M. Zack

acting under the arbitration law of this state, at           arbitrator(s)

 Sheraton Colonial Hotel,  One Audubon Road, Wakefield, MA 01880
                      (address)

on        Oct. 28, 2004, Nov. 8, 2004 and continuing thereafter,    at      10:00    o'clock to
testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

Signed: _____

Signed: _____
                 Arbitrator(s)

Requested by: _Shaw's Supermarkets, Inc._____
David E. Watson, Esquire
Nutter, McClennen & Fish, LLP_____
      Name of Representative
World Trade Center West
155 Seaport Blvd., Boston, MA 02210-2604
Address              Zip Code

 617-439-2000_____
       Telephone

Dated: _____

FormG9-II/89

## AMERICAN ARBITRATION ASSOCIATION

In The Matter of                                     )
                                                     )
SHAW'S SUPERMARKETS, INC.                            )
                                                     )
         and                                         )      Case No. 11 300 01546 03
                                                     )
UNITED FOOD AND COMMERCIAL                           )
WORKERS LOCAL 791, AFL-CIO, CLC                      )
                                                     )
(Stanley Saade, Radamas Wilkins and                  )
Cesar Reynoso)                                       )
                                                     )

### RETURN OF SERVICE

I hereby state that I personally served the originals of the attached subpoena, cover, letter, check and travel directions on Jeffrey Budek by personally handing him the material on October 7 , 2004.

Signed under the pains and penalties of perjury on this 7 day of October, 2004.

_____

1367366.1

```
 1                                    VOLUME:   II

 2                                    PAGES:   26 to 36

 3                                    EXHIBITS:   None

 4

 5              AMERICAN ARBITRATION ASSOCIATION

 6

 7      - - - - - - - - - - - - - - - - - x

 8      In The Matter of

 9      SHAW'S SUPERMARKETS, INC.,

10      and

11      UNITED FOOD AND COMMERCIAL WORKERS

12      LOCAL 791, AFL-CIO, CLC,

13      (Stanley Saade, Radamas Wilkins

14      and Cesar Reynoso)

15      - - - - - - - - - - - - - - - - - x

16                      ARBITRATION

17              ARBITRATOR:  ARTHUR ZACK

18                 November 8, 2004

19                    10:15 a.m.

20              Sheraton Colonial Hotel

21                  One Audubon Road

22             Wakefield, Massachusetts

23

24        Reporter:  Karen A. Interbartolo, RPR
```

Page 27

1   APPEARANCES:
2
3   NUTTER, MCCLENNEN & FISH, LLP
4   By David E. Watson, Esq. and
5   Matthew E. Feiner, Esq.
6   155 Seaport Boulevard
7   Boston, Massachusetts 02210
8   (617) 439-2551
9   Counsel for Shaw's Supermarkets, Inc.
10
11  PYLE, ROME, LICHTEN & EHRENBERG, P.C.
12  By Warren H. Pyle, Esq. and
13  Mary McClay
14  18 Tremont Street
15  Boston, Massachusetts 02108
16  (617) 367-7200
17  Counsel for United Food and Commercial Workers
18  Local 791
19
20
21
22
23
24

Page 28

1           I N D E X
2   EXAMINATION OF:                    PAGE
3
4   ALAN ROSS
5
6     Direct Examination by Mr. Watson        4
7
8
9
10          E X H I B I T S
11  No.                        Page
12
13          (None)
14
15
16
17
18
19
20
21
22
23
24

Page 29

1           P R O C E E D I N G S
2
3          ALAN ROSS, Sworn
4
5          DIRECT EXAMINATION
6   BY MR. WATSON:
7     Q.  Mr. Ross, would you state your name and spell
8   it for the record, please?
9     A.  My name is Alan Ross, A-L-A-N, R-O-S-S.
10    Q.  Are you currently employed, Mr. Ross?
11    A.  No.
12    Q.  Have you been employed since you left your
13  employment at Shaw's?
14    A.  Yes.  I was employed for a little while.
15    Q.  Where?
16    A.  Freeman Oil.
17    Q.  And how long did that job last?
18    A.  About three months.
19    Q.  Are you currently married?
20    A.  Yes.
21    Q.  And what's your wife's name?
22    A.  Karen Ross.
23    Q.  How long have you been married?
24  Approximately.  It doesn't need to be exact.

Page 30

1     A.  13.
2     Q.  Do you have any children?
3     A.  Yes.
4     Q.  How many?
5     A.  Six.
6     Q.  And are they all your children or some of
7   them your wife's children?
8     A.  Some of them are my wife's.
9     Q.  How many --
10    A.  One.
11        THE ARBITRATOR:  I'm sorry.  One?
12        THE WITNESS:  One.
13        THE ARBITRATOR:  Is from your wife?
14        THE WITNESS:  One is from me and my
15  wife.
16    Q.  And how old are the children?
17    A.  They're all adults now, and one, the
18  youngest, is nine.
19    Q.  That's your child?
20    A.  Yes.
21    Q.  Have you ever been separated or divorced from
22  your wife?
23    A.  No.
24    Q.  Did you leave the house for a period of

2 (Pages 27 to 30)

Page 31

1  time --
2  A. Yes.
3  Q. -- shortly after you stopped going to work at
4  Shaw's?
5  A. Yes, I did.
6  Q. For how long?
7  A. Three months.
8  Q. Why was that?
9  A. Stress.
10  Q. Stress from what?
11  A. Stress from hurting my family.
12  Q. And what caused the stress?
13  A. Everything.
14  Q. Could you be a little more specific?
15  A. I can't say anything. I can't say nothing to
16  you. I can't say nothing to these guys. I can't say
17  nothing. I signed an agreement that states that I do
18  not have to say anything, and I won't say anything.
19  Q. You won't -- I believe that Julie Brennan, I
20  believe I told your wife and I believe Julie Brennan
21  told your former lawyer --
22  A. You can waive my rights, but I never --
23       THE ARBITRATOR: Just a minute. Let him
24  finish. What were you saying?

Page 32

1  Q. You agreed that as part of a settlement
2  agreement that you would not speak about what these
3  people did to you at Shaw's, right?
4  A. That's not the case.
5  Q. That's not the case?
6  A. No. I'm not allowed to say anything to
7  anybody about anything at all.
8       THE ARBITRATOR: Is there a settlement
9  agreement?
10       MR. WATSON: There is a settlement
11  agreement, provisions of which are confidential.
12       THE ARBITRATOR: The provisions of the
13  agreement are confidential?
14       MR. WATSON: This applies to Mr. and
15  Mrs. Ross, and it provides unless required by law --
16       THE ARBITRATOR: Who are the parties to
17  this agreement?
18       MR. WATSON: Shaw's and Mr. Ross.
19       THE ARBITRATOR: Go ahead.
20       MR. WATSON: And it provides, among
21  other things, that unless required by law, Mr. Ross and
22  Mrs. Ross agree that they will not publish, reveal,
23  convey, comment upon or otherwise disclose, A, any of
24  the allegations or claims made or threatened to be made

Page 33

1  by Mr. Ross against the releasees; B, any of the
2  potential claims by Mrs. Ross against the releasees;
3  or; C, the negotiation of certain provisions or
4  existence of this agreement except that his or her
5  attorney and his or her accountants, and then only on
6  the condition that they be advised that they cannot
7  further disclose any of the same.
8       Mr. Ross is here under subpoena, and he
9  is, quote, required by law to answer these questions.
10  And if he's not satisfied with your authority to compel
11  it, then we're prepared to go into court to get --
12       THE WITNESS: That's fine.
13       MR. WATSON: -- to get an order
14  compelling his testimony. We've already told him that
15  these -- through his lawyer, former lawyer, that he was
16  released from that particular provision of the
17  confidentiality agreement.
18       THE ARBITRATOR: Any comment on that?
19       MR. PYLE: No.
20       THE ARBITRATOR: Well, you're here under
21  subpoena which is required --
22       THE WITNESS: Which I'm not going to say
23  anything without a lawyer. You've got lawyers for
24  Shaw's. You've got lawyers for the union. I don't

Page 34

1  have a lawyer and I'm not going to get one.
2       THE ARBITRATOR: You're not going to get
3  one?
4       THE WITNESS: No.
5       THE ARBITRATOR: Then you're going to
6  have to go to court to get him to testify, then. I
7  don't have the authority.
8       MR. WATSON: That's what we'll have to
9  do.
10       THE ARBITRATOR: We'll have to get a
11  court order to have you testify in the case.
12       THE WITNESS: That's fine.
13       MR. WATSON: There is another --
14       THE ARBITRATOR: Go ahead.
15       MR. WATSON: There's another procedural
16  matter, and that is, when I checked, some of the other
17  subpoenaed witnesses hadn't shown up either, and I'd
18  like to confirm. I'm not planning to put them on, but
19  if there's going to be a question about their
20  cooperation, then I need to be able to know who is
21  going to be the subject of these losses.
22       (Discussion off the record.)
23       THE ARBITRATOR: So we're holding the
24  28th and 31st of March.

3 (Pages 31 to 34)

Page 35

1   (Whereupon the proceedings
2   were concluded at 10:40 a.m.)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Page 36

1        C E R T I F I C A T E
2
3      I, Karen A. Interbartolo, Registered Professional
4   Reporter, do hereby certify that the foregoing
5   transcript, Volume I, is a true and accurate
6   transcription of my stenographic notes taken on
7   November 8, 2004.
8
9
10
11        Karen A. Interbartolo
          Registered Professional Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24

4 (Pages 35 to 36)

**A**
able 34:20
accountants 33:5
accurate 36:5
adults 30:17
advised 33:6
AFL-CI0 26:12
agree 32:22
agreed 32:1
agreement 31:17
  32:2,9,11,13,17
  33:4,17
ahead 32:19 34:14
Alan 28:4 29:3,9
allegations 32:24
allowed 32:6
AMERICAN 26:5
answer 33:9
anybody 32:7
APPEARANCES
  27:1
applies 32:14
Approximately
  29:24
ARBITRATION
  26:5,16
ARBITRATOR
  26:17 30:11,13
  31:23 32:8,12,16
  32:19 33:18,20
  34:2,5,10,14,23
ARTHUR 26:17
ASSOCIATION
  26:5
attorney 33:5
Audubon 26:21
authority 33:10
  34:7
A-L-A-N 29:9
a.m 26:19 35:2

**B**
B 28:10 33:1
believe 31:19,20,20
Boston 27:7,15
Boulevard 27:6
Brennan 31:19,20

**C**
C 29:1 33:3 36:1,1
case 32:4,5 34:11
caused 31:12
certain 33:3
certify 36:4
Cesar 26:14
checked 34:16
child 30:19
children 30:2,6,7,16

claims 32:24 33:2
CLC 26:12
Colonial 26:20
comment 32:23
  33:18
Commercial 26:11
  27:17
compel 33:10
compelling 33:14
concluded 35:2
condition 33:6
confidential 32:11
  32:13
confidentiality
  33:17
confirm 34:18
convey 32:23
cooperation 34:20
Counsel 27:9,17
court 33:11 34:6,11
currently 29:10,19

**D**
D 28:1 29:1
David 27:4
Direct 28:6 29:5
disclose 32:23 33:7
Discussion 34:22
divorced 30:21

**E**
E 27:4,5 28:1,10
  29:1,1 36:1,1
EHRENBERG
  27:11
either 34:17
employed 29:10,12
  29:14
employment 29:13
Esq 27:4,5,12
exact 29:24
Examination 28:2,6
  29:5
EXHIBITS 26:3
existence 33:4

**F**
F 36:1
family 31:11
Feiner 27:5
fine 33:12 34:12
finish 31:24
FISH 27:3
Food 26:11 27:17
foregoing 36:4
former 31:21 33:15
Freeman 29:16
further 33:7

**G**
G 29:1
go 32:19 33:11 34:6
  34:14
going 31:3 33:22
  34:1,2,5,19,21
guys 31:16

**H**
H 27:12 28:10
holding 34:23
Hotel 26:20
house 30:24
hurting 31:11

**I**
II 26:1
Interbartolo 26:24
  36:3,11

**J**
job 29:17
Julie 31:19,20

**K**
Karen 26:24 29:22
  36:3,11
know 34:20

**L**
law 32:15,21 33:9
lawyer 31:21 33:15
  33:15,23 34:1
lawyers 33:23,24
leave 30:24
left 29:12
LICHTEN 27:11
little 29:14 31:14
LLP 27:3
Local 26:12 27:18
long 29:17,23 31:6
losses 34:21

**M**
March 34:24
married 29:19,23
Mary 27:13
Massachusetts
  26:22 27:7,15
matter 26:8 34:16
Matthew 27:5
McClay 27:13
MCCLENNEN
  27:3
minute 31:23
months 29:18 31:7

**N**

N 28:1 29:1
name 29:7,9,21
need 29:24 34:20
negotiation 33:3
never 31:22
nine 30:18
notes 36:6
November 26:18
  36:7
NUTTER 27:3

**O**
O 29:1
Oil 29:16
old 30:16
order 33:13 34:11

**P**
P 29:1
Page 28:2,11
PAGES 26:2
part 32:1
particular 33:16
parties 32:16
people 32:3
period 30:24
planning 34:18
please 29:8
potential 33:2
prepared 33:11
procedural 34:15
proceedings 35:1
Professional 36:3
  36:11
provides 32:15,20
provision 33:16
provisions 32:11,12
  33:3
publish 32:22
put 34:18
Pyle 27:11,12 33:19
P.C 27:11

**Q**
question 34:19
questions 33:9
quote 33:9

**R**
R 29:1 36:1
Radamas 26:13
record 29:8 34:22
Registered 36:3,11
released 33:16
releasees 33:1,2
Reporter 26:24
  36:4,11
required 32:15,21
  33:9,21

reveal 32:22
Reynoso 26:14
right 32:3
rights 31:22
Road 26:21
ROME 27:11
Ross 28:4 29:3,7,9
  29:10,22 32:15,18
  32:21,22 33:1,2,8
RPR 26:24
R-O-S-S 29:9

**S**
S 28:10 29:1
Saade 26:13
satisfied 33:10
saying 31:24
Seaport 27:6
separated 30:21
settlement 32:1,8
  32:10
Shaw's 26:9 27:9
  29:13 31:4 32:3
  32:18 33:24
Sheraton 26:20
shortly 31:3
shown 34:17
signed 31:17
Six 30:5
sorry 30:11
speak 32:2
specific 31:14
spell 29:7
Stanley 26:13
state 29:7
states 31:17
stenographic 36:6
stopped 31:3
Street 27:14
stress 31:9,10,11,12
subject 34:21
subpoena 33:8,21
subpoenaed 34:17
Supermarkets 26:9
  27:9
Sworn 29:3

**T**
T 28:10 36:1,1
taken 36:6
testify 34:6,11
testimony 33:14
things 32:21
threatened 32:24
three 29:18 31:7
time 31:1
told 31:20,21 33:14
transcript 36:5
transcription 36:6

**Tremont** 27:14
**true** 36:5

___ **U** ___
**union** 33:24
**United** 26:11 27:17

___ **V** ___
**Volume** 26:1 36:5

___ **W** ___
**waive** 31:22
**Wakefield** 26:22
**Warren** 27:12
**Watson** 27:4 28:6
  29:6 32:10,14,18
  32:20 33:13 34:8
  34:13,15
**we'll** 34:8,10
**we're** 33:11 34:23
**We've** 33:14
**wife** 30:13,15,22
  31:20
**wife's** 29:21 30:7,8
**Wilkins** 26:13
**WITNESS** 30:12,14
  33:12,22 34:4,12
**witnesses** 34:17
**work** 31:3
**Workers** 26:11
  27:17

___ **X** ___
**x** 26:7,15 28:1,10

___ **Y** ___
**youngest** 30:18

___ **Z** ___
**ZACK** 26:17

___ **0** ___
**02108** 27:15
**02210** 27:7

___ **1** ___
**10:15** 26:19
**10:40** 35:2
**13** 30:1
**155** 27:6
**18** 27:14

___ **2** ___
**2004** 26:18 36:7
**26** 26:2
**28th** 34:24

___ **3** ___
**31st** 34:24

**36** 26:2
**367-7200** 27:16

___ **4** ___
**4** 28:6
**439-2551** 27:8

___ **6** ___
**617** 27:8,16

___ **7** ___
**791** 26:12 27:18

___ **8** ___
**8** 26:18 36:7

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Shaw's Supermarkets, Inc.

**DEFENDANTS**

Alan Ross, Richard Martineau, Richard Basilesco, Gene Paul Kendall and Jeffrey Budek

**(b)** County of Residence of First Listed Plaintiff   Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
          LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David E. Watson (BBO #517620)
Christa von der Luft (BBO #600362)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210    (617) 439-2000

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
          Plaintiff

☒ 3   Federal Question
          (U.S. Government Not a Party)

☐ 2   U.S. Government
          Defendant

☐ 4   Diversity
          (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS  Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original
          Proceeding

☐ 2   Removed from
          State Court

☐ 3   Remanded from
          Appellate Court

☐ 4   Reinstated or
          Reopened

☐ 5   Transferred from
          another district
          (specify)

☐ 6   Multidistrict
          Litigation

☐ 7   Appeal to District
          Judge from
          Magistrate
          Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
9 U.S.C. § 1 et seq.
Brief description of cause:
Motion to compel defendants' compliance with arbitration subpoenas

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
          UNDER F.R.C.P. 23

**DEMAND** $ 0

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):      JUDGE                                DOCKET NUMBER

DATE
2/4/05

SIGNATURE OF ATTORNEY OF RECORD
Christa vd Luft

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT                      APPLYING IFP                    JUDGE                    MAG. JUDGE