UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4 P 2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

SHAW'S SUPERMARKETS, INC., )
) C.A. No.
Plaintiff, )
)
v. ) 05 10231 RGS
)
ALAN ROSS, RICHARD MARTINEAU, )
RICHARD BASILIERE, GENE PAUL )
KENDALL, and JEFFREY BUDEK, )
)
Defendants. )

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL DEFENDANTS' COMPLIANCE WITH ARBITRATION SUBPOENAS

I.  INTRODUCTION

Defendants Alan Ross, Richard Martineau, Richard Basiliere, Gene Paul Kendall, and Jeffrey Budek have refused to appear and testify in response to subpoenas served in connection with an arbitration between plaintiff Shaw's Supermarkets, Inc. ("Shaw's") and United Food and Commercial Workers Union, Local 791, AFL-CIO ("Local 791"). Shaw's requests that the Court compel Ross, Martineau, Basiliere, Kendall, and Budek to appear and testify at the upcoming arbitration hearing on March 28 and March 31, 2005, as required by the respective subpoenas.

II. FACTUAL BACKGROUND

The underlying arbitration arises from a grievance filed by Local 791 alleging that Shaw's violated a collective bargaining agreement between Local 791 and Shaw's by terminating the employment of three employees, Stanley Saade, Radames Wilkins, and Cesar Reynoso (the "Grievants"). Shaw's terminated the three Grievants after an investigation into

complaints that they had sexually harassed of one of their fellow employees, defendant Alan Ross.

After Local 791 and Shaw's were unable to resolve the matter concerning the Grievants' terminations in the grievance procedure, it was referred to arbitration through the American Arbitration Association ("AAA"), and Arnold Zack was appointed arbitrator. Shortly thereafter, Shaw's identified Ross, Martineau, Basiliere, Kendall, and Budek as the key witnesses in presenting its case because they stated that they had personally witnessed the verbal and physical harassment by the Grievants which resulted in their termination.

In approximately October 2004, Arbitrator Zack issued five subpoenas (attached as Exhibit A to the Complaint) requiring each of the defendants to appear and testify at hearings on October 28, 2004, November 8, 2004, and "continuing thereafter." Watson Aff., ¶ 6. Martineau, Basiliere, Kendall, and Budek were served with their subpoenas on or about October 7, 2004 and Ross was served with his subpoena on or about October 19, 2004. *Id.* at ¶¶ 7-8. By letter dated October 29, 2004, Attorney Watson requested Ross to inform him if he did not plan on testifying at the November 8, 2004 hearing. *Id.* at ¶ 9. Attorney Watson received no response to the letter. *Id.* By letters dated October 29, 2004, Matthew Feiner, another Shaw's attorney, reminded Martineau, Basiliere, Kendall, and Budek that they were required to appear at the November 8, 2004 hearing pursuant to their respective subpoenas. *Id.* at ¶ 10.

Ross attended the November 8, 2004 arbitration hearing, but claimed he could not testify because of a confidentiality provision in a settlement agreement he had signed to resolve a lawsuit he had filed against Shaw's. Specifically, Ross stated:

> I can't say anything. I can't say nothing to you. I can't say
> nothing to these guys. I can't say nothing. I signed an agreement

>  that states that I do not have to say anything, and I won't say
>  anything.

*See* Complaint, Exhibit B at 31.

Ross had earlier filed a lawsuit against Shaw's, the three Grievants individually, and others. In November 2002, Shaw's, Ross, and Ross' wife agreed to settle all claims, and signed a settlement agreement with Shaw's to that effect. The settlement agreement contains the following confidentiality provision:

> Unless required by law, Mr. Ross and Mrs. Ross agree that they
> will not publish, reveal, convey, comment upon, or otherwise
> disclose: (a) any of the allegations or claims made or threatened
> to be made by Mr. Ross against Releasees, (b) any of the
> potential claims made by Mrs. Ross against Releasees, or (c) the
> negotiations, terms, provisions, or existence of this Agreement,
> except to his or her attorney(s) and his or her accountant(s), and
> then, only on the condition that they be advised that they cannot
> further disclose any of the same to others.

On approximately April 15, 2004, Julie Brennan, counsel for Shaw's, advised Geoffrey DuBosque, the attorney who had represented Ross in the previous lawsuit against Shaw's, that Shaw's would not enforce the confidentiality provision of the settlement agreement to cover any testimony by Ross at the arbitration regarding the factual background of the claims he made against the Grievants. Attorney Brennan then asked Attorney DuBosque to communicate that information to Ross. Watson Aff., ¶ 4. In approximately May 2004, David E. Watson, counsel for Shaw's in the arbitration, further advised Mr. and Mrs. Ross that Shaw's would not enforce the confidentiality provision of the settlement agreement to cover any testimony by Ross at the arbitration regarding the factual background of the claims he made against the Grievants. *Id.* at ¶ 5. Notwithstanding these communications, Mr. Ross still refused to provide any substantive testimony.

In addition, Martineau, Basiliere, Kendall, and Budek failed to appear at the November 8, 2004 hearing.

The American Arbitration Association has scheduled the next two days of hearing in the arbitration as March 28, 2005 and March 31, 2005.

III.   UNDER THE FEDERAL ARBITRATION ACT, THIS COURT SHOULD COMPEL DEFENDANTS TO APPEAR AND TESTIFY.

The Federal Arbitration Act ("FAA") grants this Court authority to compel defendants' appearance and testimony in response to the subpoenas issued by Arbitrator Zack. *See* 9 U.S.C. § 7. Specifically, Section 7 provides that:

> arbitrators . . . may summon in writing any person to attend before them or any of them as a witness . . . . Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

9 U.S.C. § 7.

Shaw's subpoenas to defendants were issued and signed by Arbitrator Zack, directed defendants to appear and testify at the arbitration hearing, and were served upon the defendants. None of the defendants objected to the subpoenas. Nevertheless, Ross refused to testify at the arbitration hearing, and Martineau, Basiliere, Kendall, and Budek failed to appear at the hearing.

Contrary to Ross's position at the arbitration hearing, the confidentiality provision in his settlement agreement does not excuse him from testifying in the arbitration hearing. The confidentiality provision requires Ross to maintain the confidentiality of the circumstances giving rise to his claims against Shaw's "[u]nless required by law" to testify about them. Under the FAA, the subpoena required Ross by law to testify and the settlement agreement thus does not provide a basis for him to refuse to testify.

Moreover, Shaw's has waived the confidentiality provision with respect to Ross' testimony regarding the factual background of the claims he made against the Grievants, and informed Ross of its waiver both before and during the arbitration hearing. *See* Hearing Transcript, Watson Affidavit, Exhibit B at 33.

IV. CONCLUSION

Shaw's requests that this Court order defendants to appear and testify on the next hearing day scheduled for the arbitration, on March 28, 2005, and, if necessary, on March 31, 2005, or on one or more subsequent dates in the event the arbitration is continued, at 10 a.m., at the Sheraton Colonial Hotel in Wakefield, Massachusetts, and impose sanctions in the amount of five hundred dollars ($500.00) per day for each day that any defendant fails to testify as ordered.

SHAW'S SUPERMARKETS, INC.,

By its attorneys,

*Christa von der Luft*
David E. Watson (BBO 517620)
Christa von der Luft (BBO 600362)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: February 4, 2005

1377213.3                    - 5 -