UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4 P 2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

SHAW'S SUPERMARKETS, INC., )   C.A. No.
                           )
    Plaintiff,             )
                           )
v.                         )
                           )
ALAN ROSS, RICHARD MARTINEAU, )
RICHARD BASILIERE, GENE PAUL  )
KENDALL, and JEFFREY BUDEK,   )
                           )
    Defendants.            )
                           )

### AFFIDAVIT OF DAVID E. WATSON
### IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

I, David E. Watson, depose and say:

1. I am an attorney with Nutter, McClennen & Fish, LLP and am counsel of record for plaintiff in this action.

2. On or about April 16, 2003, the United Food and Commercial Workers Union, Local 791, AFL-CIO ("Local 791") filed a grievance against plaintiff Shaw's Supermarkets, Inc. ("Shaw's") alleging that Shaw's violated a collective bargaining agreement between Local 791 and Shaw's by terminating the employment of three employees, Stanley Saade, Radames Wilkins, and Cesar Reynoso (the "Grievants"). After the parties were unable to resolve the matter in their grievance procedure, it was referred to arbitration through the American Arbitration Association (hereinafter the "Arbitration"), and Arnold Zack was appointed arbitrator.

3. Shortly after the Arbitration was scheduled, I identified Alan Ross, Richard Martineau, Richard Basiliere, Gene Paul Kendall, and Jeffrey Budek as the key witnesses in presenting Shaw's case after I was informed by Shaw's that Ross alleged he had been verbally and physically harassed by the Grievants and that Martineau, Basiliere, Kendall, and Budek had stated that they witnessed such conduct.

4. On or about April 15, 2004, Julie Brennan, another counsel for Shaw's, informed me that she advised Geoffrey DuBosque, the attorney who had represented Ross in a previous lawsuit against Shaw's, that Shaw's would not enforce a confidentiality provision of a settlement agreement between Ross and Shaw's to cover any testimony by Ross at the Arbitration regarding the factual background of the claims he made against the Grievants, and had asked Mr. DuBosque to communicate that information to Ross. The settlement agreement resolved the previous lawsuit filed by Ross claiming that he had been sexually harassed by the Grievants.

5. On or about May 5, 2004, I informed Ross' wife that Shaw's would not enforce the confidentiality provision of the settlement agreement to cover any testimony by Ross at the Arbitration regarding the factual background of the claims he made against the Grievants.

6. On or about September 15, 2004, I requested that Arbitrator Zack issue subpoenas requiring Ross, Martineau, Basiliere, Kendall, and Budek to testify at the upcoming Arbitration hearings. Shortly thereafter, Arbitrator Zack issued subpoenas requiring Ross, Martineau, Basiliere, Kendall, and Budek to appear at arbitration hearings on October 28, 2004, November 8, 2004, and "continuing thereafter" at 10:00 A.M. at the Sheraton Colonial Hotel in Wakefield, Massachusetts to testify and give evidence in the Arbitration. Copies of the subpoenas are attached to the Complaint as Exhibit A.

7. Martineau, Basiliere, Kendall, and Budek were served with their subpoenas on or about October 7, 2004.

8. Ross was served with his subpoena on or about October 19, 2004.

9. By letter dated October 29, 2004, I asked Ross to inform me if he did not plan on testifying at the November 8, 2004 hearing. I did not receive a response from Ross to my letter.

10. By letters dated October 29, 2004, my associate, Matthew Feiner, reminded Martineau, Basiliere, Kendall, and Budek that they were required to appear at the November 8, 2004 hearing pursuant to their respective subpoenas.

11. After Ross was called to the witness stand during the November 8, 2004 Arbitration hearing, he stated that he would not continue to testify (he had previously answered several preliminary questions) because he was prohibited from doing so pursuant to the Settlement Agreement which he signed with Shaw's. A copy of the transcript of Ross' testimony and purported explanation of his reasons for not testifying is attached to the Complaint as Exhibit B.

12. Specifically, Ross stated:

> I can't say anything. I can't say nothing to you. I can't say nothing to these guys. I can't say nothing. I signed an agreement that states that I do not have to say anything, and I won't say anything.

*Id.* at p. 31.

13. Martineau, Basiliere, Kendall, and Budek all failed to appear at the November 8, 2004 arbitration hearing.

14. The American Arbitration Association has scheduled the next two days of hearing in the Arbitration as March 28, 2005 and March 31, 2005.

15. To date, none of the defendants have asserted any other oral or written objections to the subpoenas attached to the Complaint as Exhibit A.

SIGNED under the penalties of perjury this 4th day of February 2005.

_____
David E. Watson

1374700.3

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the within document was served upon the attorney of record for each party by mail/by hand

Date: 2/4/05  [signature]